IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JACK DEAN HIBDON,

                   Plaintiff,

     v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

              Defendant.

No. 03:10-CV-1360-HZ

OPINION & ORDER

Merrill Schneider
SCHNEIDER LAW OFFICES
PO Box 14490
Portland, OR 97293

         Attorney for Plaintiff

/ / /

1 - OPINION & ORDER

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Kathy Reif
SOCIAL SECURITY ADMINISTRATION
Office of General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

        Attorneys for Defendant

HERNANDEZ, District Judge:

        Plaintiff Jack Dean Hibdon brings this action seeking judicial review of the

Commissioner's final decision to deny supplemental security income (SSI).  This Court has

jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)).  I reverse

the Commissioner's decision and remand for an award of benefits.

## PROCEDURAL BACKGROUND

        Plaintiff filed for SSI on June 26, 2007, alleging an onset date of December 11, 1998.  Tr.

17.  His application was denied initially and on reconsideration.  Tr. 45-46.  On July 24, 2009,

plaintiff appeared for a hearing before an Administrative Law Judge (ALJ).  Tr. 24.  On October

2, 2009, the ALJ found plaintiff not disabled.  Tr. 47-59.  The Appeals Council denied review on

September 7, 2000.  Tr. 1-3.

## FACTUAL BACKGROUND

        Plaintiff alleges disability based on his mental impairments of cognitive deficit and

borderline mental retardation.  Tr. 126.  At the time of the hearing, he was forty-three years old.

Tr. 27.  He has a 10th-grade education.  Tr. 27.  Because the parties are familiar with the medical

2 - OPINION & ORDER

and other evidence of record, I refer to any additional relevant facts necessary to my decision in the discussion section below.

SEQUENTIAL DISABILITY EVALUATION

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Commissioner, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any

impairment(s), has the residual functional capacity (RFC) to perform "past relevant work."  20

C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant can, the claimant is not disabled.  If the

claimant cannot perform past relevant work, the burden shifts to the Commissioner.  In step five,

the Commissioner must establish that the claimant can perform other work.  Yuckert, 482 U.S. at

141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f).  If the Commissioner meets his burden

and proves that the claimant is able to perform other work which exists in the national economy,

the claimant is not disabled.  20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that plaintiff had engaged in substantial gainful activity

since his alleged onset date of June 14, 2007.  Tr. 52.  Next, at step two, the ALJ determined that

plaintiff had the severe impairments of borderline intellectual function, cognitive defects,

obesity, and antisocial personality disorder.  Tr. 52.  At step three, the ALJ found that the

impairments, singly or in combination, did not meet or equal the requirements of any listed

impairment.  Tr. 52-54.  Next, the ALJ determined that plaintiff had a residual functional

capacity (RFC) to perform medium work as defined in 20 C.F.R. § 416.967(c), except work must

be limited to routine, repetitive, unskilled work activity performed with no coworker or public

interaction..  Tr. 55.  At step four, the ALJ found that the plaintiff had no past relevant work.  Tr.

57.  At step five, the ALJ concluded that the plaintiff was not disabled.  Id.  Considering

plaintiff's age, education, work experience, and RFC, the ALJ found that plaintiff could perform

work as a janitor.  Tr. 58.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the

Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole.  Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009).  "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Id. (internal quotation omitted).  The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision.  Id.; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed."  Vasquez, 572 F.3d at 591 (internal quotation and brackets omitted); see also Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation omitted).

DISCUSSION

Plaintiff argues that the ALJ erred in concluding the he was not disabled.  Specifically, he contends that the ALJ erred by (1) finding that plaintiff did not meet or equal listing 12.05 Mental Retardation at step three and (2) rejecting a third party statement without giving a specific, germane reason.  I will discuss the first error only because it is dispositive.

I.    Meeting or Equaling a Listing

Plaintiff argues that the ALJ erroneously failed to analyze whether plaintiff meets or equals Listing 12.05 Mental Retardation. Pl.'s Br. 5.  After the hearing, plaintiff's attorney sent the ALJ a letter on July 30, 2009, arguing that plaintiff meets Listing 12.05(C).  Tr. 210-11.  The ALJ's opinion issued more than two months later on October 2nd, well after the letter was sent by plaintiff's counsel.  Yet the ALJ inexplicably did not discuss whether plaintiff met or equaled

5 - OPINION & ORDER

Listing 12.05(C) at step three of the disability analysis.[1]  Tr. 52-54.  I agree that the ALJ erred by

not analyzing 12.05(C).  The ALJ has a duty to "inquire fully into the matters at issue and shall

receive in evidence the testimony of witnesses and any documents which are relevant and

material to such matters."  20 C.F.R. § 702.338.  Furthermore, "[i]f the [ALJ] believes that there

is relevant and material evidence available which has not been presented at the hearing, he may

adjourn the hearing or, at any time, prior to the filing of the compensation order, reopen the

hearing for the receipt of such evidence."  Id.  The ALJ had a duty to consider the plaintiff's

letter, even if it did arrive after the hearing.  Without such consideration, the opportunity for a

fair hearing was substantially diminished.  See id.; Reindl v. Astrue, Case No. 09 C 2695, 2010

U.S. Dist. LEXIS 73866, at *29 (N.D. Ill. July 22, 2010) (the court "cannot uphold an

administrative decision that fails to mention highly pertinent evidence, or that because of

contradictions or missing premises fails to build a logical bridge between the facts of the case

and the outcome.") (quoting Parker v. Astrue, 597 F.3d 920, 921 (7th Cir. 2010)).

To qualify as presumptively disabled under § 12.05, the claimant must "satisf[y] the

diagnostic description in the introductory paragraph and any one of the four sets of criteria."  20

C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(A).  The introductory paragraph of § 12.05 requires that

the evidence show the onset of mental retardation before age 22.  Id. at § 12.05.  Therefore, to

meet the listing 12.05(C), plaintiff needs to show (1) onset of the impairment before age 22, (2) a

valid verbal, performance, or full scale IQ of 60 through 70, and (3) a physical or other mental

impairment imposing an additional and significant work-related limitation of function.  Id. at §

12.05(C).

_____

[1]The ALJ discussed Listings 12.02, 12.08, and 12.09, but not 12.05.

6 - OPINION & ORDER

There is clear and convincing evidence that plaintiff experienced the onset of mental retardation before age 22. The ALJ noted that plaintiff has "a long history of problems with learning, memory and impulsive behavior", participated in special education, and had a history of head injury. Tr. 53. In January 1987, when plaintiff was 20 years-old, he underwent a neuropsychological evaluation by Dr. Laurence Binder. Tr. 220-24. Through objective testing, Dr. Binder concluded that plaintiff had a verbal IQ of 69 (mildly mentally retarded), performance IQ of 72 (borderline mentally retarded), and a full-scale IQ of 70 (mildly mentally retarded). Tr. 222. Dr. Binder also found that plaintiff had cognitive deficits in: (1) auditory comprehension for language, (2) visual conceptual ability, (3) mental flexibility, (4) recent memory for both verbal and visual material, and (5) impulsivity. Tr. 223. The ALJ discussed Dr. Binder's opinion and found no reason to discount it. Tr. 57 ("[T]he medical evidence of record does not contain inconsistencies among the opinions of the acceptable medical sources, and is therefore afforded equal weight throughout".). Plaintiff also testified that he attended special education classes throughout his school years. Tr. 27. The first requirement of Listing 12.05(C) has been met.

As for the second requirement of Listing 12.05(C), plaintiff has demonstrated that he has a valid verbal, performance, or full scale IQ of 60 through 70. Plaintiff was evaluated by Dr. Jane Starbird in August 2007–twenty years after Dr. Binder's evaluation. Tr. 228. After administering objective testing, Dr. Starbird concluded that plaintiff's scores had all decreased to a verbal IQ of 61 (mentally retarded), performance IQ of 70 (borderline mentally retarded), and a full-scale IQ of 62 (mentally retarded). Again, the ALJ discussed Dr. Starbird's opinion, but found no inconsistencies. Tr. 57. Like Dr. Binder, Dr. Starbird found that plaintiff functioned in

the mentally retarded range and had the same multiple cognitive defects.  Tr. 232.  I find that the

second requirement of Listing 12.05(C) has been more than sufficiently satisfied, as all three IQ

scores were between 60 and 70.

There is also evidence that plaintiff suffers from a mental impairment imposing an

additional and significant work-related limitation of function–the last requirement of Listing

12.05(C).  The ALJ found that plaintiff suffered from the severe impairments of antisocial

personality disorder and cognitive deficits.  Tr. 52.  In his RFC, the ALJ limited plaintiff to jobs

that had <u>no</u> interaction with coworkers or the public and only required routine, repetitive,

unskilled work.  Tr. 55.  Given the ALJ's RFC, it is clear that plaintiff's antisocial personality

disorder and cognitive defects impose significant limitations on his ability to function.  I find that

these severe mental impairments satisfy the final requirement under § 12.05(C).  In summary, I

have found that plaintiff meets Listing 12.05(C), and thus is presumed disabled.  There is no

need to continue with steps four or five of the disability analysis.

II.    Remand

The decision whether to remand for further proceedings or for immediate payment of

benefits is within the discretion of the court.  <u>Harman v. Apfel</u>, 211 F.3d 1172, 1178 (9th Cir.

2000).  The issue turns on the utility of further proceedings.  A remand for an award of benefits is

appropriate when no useful purpose would be served by further administrative proceedings or

when the record has been fully developed and the evidence is insufficient to support the

Commissioner's decision.  <u>Rodriguez v. Bowen</u>, 876 F.2d 759, 763 (9th Cir. 1989).

Under the "crediting as true" doctrine, evidence should be credited and an immediate

award of benefits directed where "'(1) the ALJ has failed to provide legally sufficient reasons for

rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.'" <u>Harman</u>, 211 F.3d at 1178 (quoting <u>Smolen</u>, 80 F.3d at 1292). The "crediting as true" doctrine is not a mandatory rule in the Ninth Circuit, but leaves the court flexibility in determining whether to enter an award of benefits upon reversing the Commissioner's decision. <u>Connett v. Barnhart</u>, 340 F.3d 871, 876 (9th Cir. 2003).

The undisputed medical opinions of Drs. Binder and Starbird and the ALJ's findings support a finding that plaintiff is disabled under Listing 12.05(C). I conclude that a remand for a finding of disability and an award of benefits is appropriate.

CONCLUSION

Based on the foregoing, the Commissioner's decision is reversed and remanded for an award of benefits pursuant to Sentence Four of 42 U.S.C. § 406(g).

IT IS SO ORDERED.


Dated this 31st\_\_\_\_ day of October, 2011


 /s/ Marco A. Hernandez_____
MARCO A. HERNANDEZ
United States District Judge


9 - OPINION & ORDER